**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO BARRERA-FLORES, | No. 17-71076 |
| Petitioner, | Agency No. A205-319-927 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2022[**]
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Alberto Barrera-Flores ("Barrera-Flores") petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") order denying Barrera-Flores' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and under 8 U.S.C. § 1252(a)(2)(D) to the extent Barrera-Flores presents a constitutional issue regarding his asylum claim. We deny the petition for review.

We review factual findings for substantial evidence and legal questions de novo. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

1. Barrera-Flores maintains that the BIA and IJ violated his due process rights by refusing to fully consider and develop the record as to the applicability of the changed circumstances exception. To successfully assert a due process claim, a petitioner must establish error and substantial prejudice. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). The IJ did not err in this case because he fulfilled his procedural obligations by asking pertinent questions of Barrera-Flores and providing him an opportunity to submit additional evidence on the issue of timeliness. The IJ had no duty to consider sua sponte whether Barrera-Flores qualified for the changed circumstances exception to the one-year bar. *See* 8 C.F.R. § 208.4(a)(2)(i)(B) (placing the burden of proving an exception on the asylum applicant).

As to the issue of prejudice, Barrera-Flores did not show that the changed circumstances exception potentially applied to his case. And he also failed to establish that he potentially was eligible for asylum had the exception saved his otherwise untimely application. Barrera-Flores did not articulate a sufficiently particular social group on which his fears of persecution are based, nor, as addressed next, did he establish a nexus between any purported social group and the persecution that he fears. For these reasons, Barrera-Flores did not establish prejudice. We reject his due process argument.

2. Barrera-Flores contends that the BIA erred in denying him withholding of removal. To establish eligibility for withholding of removal, a non-citizen must demonstrate that it is more likely than not that he will be subject to persecution on the basis of one of the protected grounds enumerated in 8 U.S.C. § 1231(b)(3)(A). *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987). Barrera-Flores bases his application for withholding of removal on the protected ground of membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A). A petitioner must also establish a sufficient nexus between the protected ground on which he relies and the persecution he fears. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Barrera-Flores asserts that he is a member of the social group "young Mexican citizens returning to Mexico that criminals no longer believe are Mexican citizens."

This Court has previously deemed similar purported social groups insufficiently particular, and thus not cognizable, for purposes of § 1231. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam). Accordingly, this asserted social group is likewise not cognizable.

In his brief to this Court, Barrera-Flores also argues that his family qualifies as a separate particular social group. In an attempt to define this newly-asserted particular social group, Barrera-Flores points to evidence of criminal acts suffered by family members. Some, but not all, of his family members have been harmed by gangs in Mexico, but there is nothing in the record that supports the conclusion that any of these incidents was a result of either the victims' membership in Barrera-Flores' asserted social group or their familial association. Substantial evidence supports the BIA's conclusion that Barrera-Flores has failed to establish the requisite nexus between either of his asserted particular social groups and the persecution he fears.

For these reasons, the BIA did not err in affirming the IJ's denial of withholding of removal.

3. Barrera-Flores also challenges the denial of protection under the CAT. The CAT prevents the United States from removing a non-citizen when it is more likely than not that the non-citizen will be tortured if removed to the proposed country of

removal. *See* 8 C.F.R. § 1208.16(c)(2). A petitioner must show that he is subject to a particularized risk of torture. *Delgado-Ortiz*, 600 F.3d at 1152. And the act of torture must be acquiesced in by a public official, meaning that the public official must be aware of but willfully blind to it or unwilling to oppose it. *Kaur v. Garland*, 2 F.4th 823, 837 (9th Cir. 2021).

Barrera-Flores has not established that he is at a particularized risk of being tortured if removed to Mexico. *See Delgado-Ortiz*, 600 F.3d at 1152. The record shows that indiscriminate violence and crime are ubiquitous in Mexico, and even that the ranch where Barrera-Flores' family resides has been terrorized by a local gang called La Familia. But this is insufficient. There is no indication that Barrera-Flores *himself* is likely to fall victim to an act of violence. Moreover, he has not established that he would endure torture in which a public official acquiesces. *Cf. Kaur*, 2 F.4th at 837. While the record contains evidence that the police are generally distrusted by citizens in Barrera-Flores' hometown, this does not amount to acquiescence. Substantial evidence supports the agency's denial of CAT protection.

**PETITION DENIED**.